ROBERTS, APPELLANT, *v.*
PERSONAL SERVICE INSURANCE CO.,
APPELLEE.

(No. L-83-056—Decided June 17, 1983.)

*Mr. Frank W. Cubbon, Jr.,* for appellant.

*Mr. William C. Ailes,* for appellee.

DOUGLAS, J. This case comes before this court on appeal from judgment of the Lucas County Court of Common Pleas.

On May 18, 1982, appellant, Peggy A. Roberts, filed a complaint in the Lucas County Court of Common Pleas against her insurer, Personal Service Insurance Company, appellee herein. In her complaint, appellant alleged that appellee had acted in bad faith in defending appellant's interests in a personal injury action arising from a motor vehicle collision found to have been caused by appellant's negligence. Appellant sought compensatory damages in the amount of the excess verdict rendered against her, interest thereon, punitive damages, and attorney fees.

On June 8, 1982, appellee answered, denying liability. On September 13, 1982, appellee filed a motion for summary judgment. On January 19, 1983, the trial court entered judgment, finding that appellant could not prove the essential elements of bad faith and granting appellee's motion for summary judgment.

From that judgment, appellant appeals, presenting the following assignment of error:

"The court below erred in concluding that reasonable minds could come to but one conclusion, adverse to the non-moving party, on the issue of insurer bad faith, after being presented with evidence of numerous instances of wrongdoing."

Thus, the issue presented to this court for review is whether a genuine issue of material fact remained as to whether appellee acted in "bad faith" with regard to its representation of appellant in the matter of the personal injury action.

In *Hart* v. *Republic Mut. Ins. Co.* (1949), 152 Ohio St. 185 [39 O.O. 465], the Ohio Supreme Court set forth the following standard for determining insurer liability in settling or refusing to settle a claim:

"1. A liability insurance company which reserves the right to settle, as it deems expedient, any claim against its insured is not liable to the insured for negligence in settling or refusing to settle such a claim.

"2. Such company is liable to respond in damages to its insured if it fails to act in good faith with respect to the settlement of such a claim."

Further, in *Slater* v. *Motorists Mut. Ins. Co.* (1962), 174 Ohio St. 148 [21 O.O.2d 420], the Ohio Supreme Court defined the concept, "bad faith," holding in the second paragraph of the syllabus that:

"A lack of good faith is the equivalent of bad faith, and bad faith, although not susceptible of concrete definition, embraces more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another."

Subsequently, the courts of Ohio have applied the foregoing standards to various fact patterns, determining on a case-to-case basis whether certain acts or breaches of duty on the part of an insurer constituted "bad faith" as defined in *Slater, supra.* See *Carter* v. *Pioneer Mut. Cas. Co.* (1981), 67 Ohio St. 2d 146 [21 O.O.3d 92], particularly fn. 1; *Centennial Ins. Co.* v. *Liberty Mut. Ins. Co.* (1980), 62 Ohio St. 2d 221 [16 O.O.3d 251]; *Spitler* v. *State Auto Mut., Inc.* (1980), 61 Ohio St. 2d 242 [15 O.O.3d 255]; *Wasserman* v. *Buckeye Union Cas. Co.* (1972), 32 Ohio St. 2d 69 [61 O.O.2d 326]; and *Netzley* v. *Nationwide Mut. Ins. Co.* (1971), 34 Ohio App. 2d 65 [63 O.O.2d 127]. A review of these cases clearly demonstrates that, in order to prevail, an insured must show that the acts of the insurer constituted something more than poor judgment or mere negligence.

Upon reviewing the record in the case *sub judice,* we find it to be devoid of the depositions cited by the parties and the trial court as evidence of certain facts, found to be undisputed by the trial court. The parties having raised no objection to the trial court's findings of fact, however, we shall consider those findings, stated in the trial court's opinion and judgment entry as follows:

"The undisputed facts demonstrate that Personal Service negligently handled the possibility of settling *Dudley* v. *Roberts, supra.* Moreover, there was no legitimate reason for the company's failure to settle within a reasonable time frame. Long before tendering to plaintiff Dudley the policy limits of Ms. Roberts' policy, Personal Service knew that the value of his claim was far greater than the policy limit of $12,500 that it could offer, and that its insured, Ms. Roberts was without any defense to the negligence action for which it was liable. *See,* the deposition of Malcolm Parsons. In addition, the evidence indicates unequivocally that the company knew that failure to settle before December 31, 1980 would almost certainly result in a deficiency judgment against the insured. Nevertheless, due to animosity,[1] Personal Service refused to settle for the policy limits within a reasonable time, in capricious disregard for the financial well-being of its insured, Ms. Roberts." (Citations omitted.)

Further, the trial court's findings tend to support appellant's allegation, as set forth in her brief, that although appellee had been informed that Mr. Dudley had retained counsel, appellee attempted to circumvent such representation and settle Mr. Dudley's claim privately, suggesting to Mr. Dudley that he might thereby "save" counsel's fee.[2]

Considering the foregoing, we find that while appellee's actions, considered separately, do not constitute "bad faith,"

---

[1] "Construing the evidence most strongly in favor of the person opposing summary judgment, Ms. Roberts, there is correspondence in evidence which indicates that animosity for the plaintiff's attorney may have prompted the company's delay in settlement." *Id.*

[2] Opinion and Judgment Entry, filed January 19, 1983, wherein the trial court stated that:

"In the instant case, no matter how reprehensible was the behavior of Defendant Personal Service in handling the Dudley claim against its insured, Ms. Roberts, and no matter how blatant was *the contempt for the law manifested by the deposition of one of Defendant's officers,* * * *." (Emphasis added.)

94

appellee's course of conduct in this matter raised an issue for the jury as to whether appellee had acted in "bad faith" by breaching its known duties to appellant "* * * through some ulterior motive or ill will partaking of the nature of fraud." *Slater, supra,* at 148.

For that reason, we find that the trial court erred in granting appellee's motion for summary judgment and, therefore, find appellant's assignment of error well-taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and judgment of the Lucas County Court of Common Pleas is reversed.

This cause is remanded to said court for further proceedings in accordance with law. Costs to abide final determination.

*Judgment reversed*
*and cause remanded.*

HANDWORK, J., concurs.

RESNICK, J., concurs in judgment only.

RESNICK, J. I concur in the judgment only, believing that the bad faith doctrine as established by the Ohio Supreme Court should be re-examined.