KEHOE et al., Appellants,

v.

LIGHTNING ROD MUTUAL INSURANCE COMPANY, Appellee.

[Cite as *Kehoe v. Lightning Rod Mut. Ins. Co.* (1996), 115 Ohio App.3d 234.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70410.

Decided Oct. 7, 1996.

*Dunn & Hare Co., L.P.A., Inc.* and *David B. Hare*, for appellants.

*Dyson, Schmidlin & Foulds Co., L.P.A.,* and *Robert J. Foulds*, for appellee.

*Per Curiam.*

Plaintiffs-appellants, John Kehoe and Linda Kehoe, appeal from summary judgment entered against them in their suit for bad faith against the defendant-appellee, Lightning Rod Mutual Insurance Company ("Lightning Rod"). Appellants' sole assignment of error asserts that the lower court erred in granting summary judgment because genuine issues of material fact exist as to their claim of bad faith against the appellee insurance company precluding judgment as matter of law. For the reasons stated below, we find merit to this appeal, and we reverse the decision of the trial court and remand.

The facts which led to the matter before us are as follows. The plaintiffs were covered by an automobile insurance policy issued by the defendant, which included underinsured motorist coverage in the amount of $100,000. This policy was in full force on September 21, 1991, when the plaintiffs were injured in an automobile accident caused by Alexander Pline. Pline was insured by State Auto Insurance. Plaintiffs filed suit for their injuries against Pline in Cuyahoga

County Court of Common Pleas, case No. 231052. State Auto offered to pay the limit of Pline's policy, which was $50,000. On the authority of *McDonald v. Republic–Franklin Ins. Co.* (1989), 45 Ohio St.3d 27, 543 N.E.2d 456, Lightning Rod agreed to pay the $50,000 to its insured plaintiffs, less the $5,000 of medical payments, for a net payment of $45,000. Lightning Rod then entered the case as a third-party plaintiff to protect its subrogation interests. The case went to jury trial, and on June 28, 1994, the plaintiffs were awarded $162,000 in favor of John Kehoe and $3,000 in favor of Linda Kehoe. Counsel for the plaintiffs made demand upon Lightning Rod for payment of the undisputed $50,000 due to them pursuant to the terms of the underinsurance policy. Lightning Rod refused to pay even though Lightning Rod, at that point, had paid none of its $100,000 policy. It was the position of Lightning Rod that it had no duty to pay as it was not named a defendant in the underlying matter and the judgment was not rendered against it.

Lightning Rod appealed the verdict in the underlying action but dismissed the appeal. In May 1995, the trial court held a hearing on the issues of the prejudgment interest and the setoff in the underlying case. The trial court then denied plaintiffs' claim for prejudgment interest. The court applied the decision in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, to the issue of setoff, determining that the setoff of the $50,000 payment by State Auto should go to the judgment, not to the limits of liability of the Lightning Rod policy. After the trial court amended the entry to include Lightning Rod as a defendant, eleven months after the original jury verdict was rendered which determined the damages suffered by the plaintiffs, Lightning Rod tendered the undisputed $50,000 payment.

Lightning Rod appealed the decision of the lower court on the issue of setoff. On February 22, 1996, this court affirmed the jury award and the decision of the lower court in *Kehoe v. Pline* (Feb. 22, 1996), Cuyahoga App. No. 69182, unreported, 1996 WL 75718.

The within action was filed by plaintiffs in February 1995, alleging that Lightning Rod had acted in bad faith by failing to timely pay the undisputed $50,000 due them pursuant to their contract of insurance, as established by the jury award in June 1994. The defendant, Lightning Rod, moved for summary judgment on the single claim of bad faith against it. Plaintiffs opposed the motion; defendant filed a reply. The trial court granted the summary judgment motion of the defendant insurance company on February 22, 1996. Plaintiffs timely filed this appeal.

Plaintiffs-appellants raise the following sole assignment of error for our review:

"The trial court erred in granting summary judgment on the issues of a bad faith claim when issues of fact remain."

■ This court reviews the lower court's granting of summary judgment *de novo*. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157 ("We review the judgment independently and without deference to the trial court's determination.").

An appellate court applies the same test as a trial court, which is set forth in Civ.R. 56(C). Civ.R. 56 specifically provides that before summary judgment may be granted, it must be determined that "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Moreover, it is well settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265, 278; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, 139–141.

In accordance with Civ.R. 56(E), "a nonmovant may not rest on the mere allegations or denials of his pleading but must set forth specific facts showing there is a genuine issue for trial." *Chaney v. Clark Cty. Agricultural Soc.* (1993), 90 Ohio App.3d 421, 629 N.E.2d 513. The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd.* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099; *Dresher v. Burt, supra; Celotex, supra,* 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

■ Plaintiffs-appellants alleged in their complaint that the defendant insurance company acted in bad faith by failing to pay the undisputed amount of the proceeds of the underinsurance policy benefits due to them after a jury verdict determination of damages in the amount of $165,000.

■ An insurer has the duty to act in good faith in the handling and the payment of the claims of an insured. *Hoskins v. Aetna* (1983), 6 Ohio St.3d 272, 6 OBR 337, 452 N.E.2d 1315. The standard for a bad faith claim was announced in *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, 644 N.E.2d 397, wherein the court determined that an insurer fails to exercise good faith in processing a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor.

The refusal to pay may not be arbitrary or capricious, but, rather, the conduct of an insurer must be based on circumstances that furnish a reasonable justification therefor. *Hoskins, supra.*

The Lightning Rod policy states in part:

"We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by an insured and caused by the accident. (For purposes of underinsured coverage the terms uninsured and underinsured are used interchangeably.)"

Lightning Rod presented three arguments in its motion for summary judgment on the appellants' claim of bad faith against it. First, Lightning Rod argued that any delay that occurred in the payment of the $50,000 was due to the failure of appellants' counsel to properly plead Lightning Rod as a defendant in the underlying case. Second, appellee contended that during the hearing on the issue of prejudgment interest, the court found that the insurance company did not fail to reasonably evaluate the claim and that the appellants were unable to satisfy the minimal standard necessary for an award of prejudgment interest and, therefore, would be unable to reach the standard applicable in a bad faith claim. Third, appellee contended that at the time of the original verdict, any amount owed by Lightning Rod was undetermined due to the fact that no disposition of the setoff issue had been made. Lightning Rod further claimed that there was no evidence that its decision to pay less than the $100,000 policy limit was arbitrary or capricious but that it was, rather, based upon a reasonable justification that the $50,000 payable on behalf of the liability insurer, State Auto, should be set off from the $100,000 limits of the underinsured motorist coverage.

These arguments made by appellee Lightning Rod have no merit.

Appellants properly opposed the motion of the appellee. From the pleadings, briefs and exhibits before us, we can see that a material question of fact exists as to whether the appellee failed to exercise good faith in processing the claim of the appellants and whether the refusal to pay was predicated on circumstances that furnish reasonable justification.

State Auto tendered $50,000, the full amount of the policy held by the tortfeasor. The jury verdict was $162,000 in favor of John Kehoe and $3,000 in favor of Linda Kehoe. The tortfeasor, Pline, was, therefore, underinsured by $115,000. By the clear and unambiguous terms of the contract, Lightning Rod was contractually bound to pay up to $100,000 for injury caused by an underinsured motorist. Lightning Rod had paid none of its $100,000 limit of coverage as of the time of the verdict. Therefore, as of June 28, 1994, when the verdict for damages was rendered, Lightning Rod was contractually bound to pay *at least*

$50,000 of the $100,000 coverage to its insureds, the appellants herein. Despite demand for payment, the appellee refused to pay this undisputed amount for eleven months. Whether such a course of conduct rises to the level of bad faith is an issue for a jury. *Roberts v. Personal Service Ins. Co.* (1983), 12 Ohio App.3d 92, 12 OBR 397, 467 N.E.2d 257; *Spadafore v. Blue Shield* (1985), 21 Ohio App.3d 201, 21 OBR 215, 486 N.E.2d 1201.

The setoff issue, as argued by the appellee, does not affect the duty to pay the amount which is clearly not in dispute in this matter. Appellants have made no claim that it was bad faith for Lightning Rod to fail to pay the disputed amount (an additional $50,000 of the remaining $65,000 in damages yet outstanding).

Viewing the evidence most strongly in favor of the nonmoving party, we conclude that a jury could find that the failure of the insurance company to pay an undisputed amount due to the insureds as a result of a jury verdict pursuant to the contract of insurance for underinsured motorist coverage evidences bad faith in the handling of the claim of the insured without any reasonable justification. It was error for the trial court to grant summary judgment where a question of fact remained as to the reasonableness of the actions. We, therefore, find the error claimed by the appellants well taken and reverse the decision of the court below and remand for a trial on the issues presented.

*Judgment reversed*
*and cause remanded.*

MATIA, P.J., KARPINSKI and TIMOTHY E. MCMONAGLE, JJ., concur.