[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from the judgment of the Lucas County Court of Common Pleas ruling on the motions for summary judgment filed by appellee, State Farm Mutual Automobile Insurance Company ("State Farm"), and appellants, Elizabeth Terrill and Thomas N. Terrill (referred to collectively as "the Terrills"). For the reasons that follow, we affirm, in part, and reverse, in part, the decision of the trial court.
The pertinent facts are as follows. Elizabeth Terrill was involved in a motor vehicle accident with Marguerite I. Ahrens on March 7, 1990. At the time of the accident, Mrs. Terrill was married to Thomas N. Terrill. On January 15, 1991, with State Farm's consent, Mrs. Terrill released Ahrens and Transamerica Insurance Company in consideration for $25,000, the full limits of Ahrens' liability policy. Mrs. Terrill was an additional insured under her husband's policy with State Farm, having underinsured motorist coverage of $100,000 per person/$300,000 per occurrence. After settling with Ahrens' liability carrier, Mrs. Terrill sought underinsured motorist coverage from State Farm.
On February 8, 1991, a demand for $75,000 of underinsured motorist coverage under the Terrills' policy was made.[1] State Farm offered $75,000 as settlement of the underinsured motorist claim; however, it demanded a release from both Mr. and Mrs. Terrill. Maintaining that Mrs. Terrill alone was seeking coverage under the policy, the Terrills refused to sign the release. On February 7, 1992, Mrs. Terrill filed a complaint against State Farm, alleging the following: (1) breach of contract; (2) bad faith; and (3) a claim for punitive damages.
After a lengthy procedural history, the following status of the case existed at the time the trial court considered the parties' motions for summary judgment. State Farm filed an amended answer asserting that the version of the policy attached to the complaint was incorrect.[2] State Farm also filed an amended counterclaim against Mrs. Terrill and an amended third-party complaint for interpleader against Mr. Terrill, asserting that the maximum limits of coverage under the underinsured motorist provision of the policy for all claims arising out of the March 7, 1990 accident was $75,000. State Farm also asserted that it may be exposed to multiple liability for the claims and potential claims of the Terrills and, as such, requested that, pursuant to Civ.R. 22, the trial court declare that the maximum exposure was limited to $75,000.
On March 1, 1996, State Farm filed a motion for summary judgment as to Mrs. Terrill's complaint and as to its counterclaim and third-party complaint for interpleader. State Farm made the following arguments:
(1) version 9835.5 of the policy applied;
 (2) the Terrills' claims were limited to a single "each person" limit of $100,000;
 (3) Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, did not apply retroactively to this case and, therefore, the limits of the underinsured motorist coverage, not the total amount of damages, were setoff by the $25,000 of liability coverage;
 (4) Am.Sub.S.B. 20, effective October 20, 1994, amending R.C. 3937.18, applied retroactively, thereby limiting the Terrills' underinsured motorist coverage to $75,000;
 (5) State Farm should prevail on its interpleader action and, therefore, the Terrills' proportionate share of the available proceeds should be determined;
 (6) State Farm should prevail on Mrs. Terrill's bad faith claim because (a) there can be no bad faith when the insured was not entitled to the benefits claimed under the contract, (b) there was reasonable justification for the processing of Mrs. Terrill's claim, and (c) if State Farm had paid its limits to Mrs. Terrill only, State Farm would have been subjected to a claim of bad faith on behalf of Mr. Terrill since the policy limits would have been exhausted and State Farm had made no effort to satisfy Mr. Terrill's claim; and
 (7) State Farm should prevail on Mrs. Terrill's claim for punitive damages because there was no showing of actual malice, fraud or insult on the part of the insurer.
On March 11, 1996, the Terrills filed a motion for summary judgment seeking dismissal of the amended counterclaim and third-party complaint for interpleader and a declaration as to the rights and obligations of the parties. The Terrills made the following arguments:
 (1) they are entitled to a minimum of $100,000 in underinsured motorist coverage because the $25,000 from Ahrens was to be setoff against the total damages, not the policy limits;
 (2) Mr. Terrill's underinsured motorist coverage claim for loss of consortium would be subject to a separate "each person" limit of liability;
 (3) even if the Terrills were subjected to the same per person limit, based on the policy language, Mr. Terrill was entitled to $25,000 of underinsured motorist coverage for his loss of consortium claim; and
 (4) State Farm's interpleader action should be dismissed because it was not exposed to double or multiple liability within the contemplation of Civ.R. 22.
On April 26, 1996, the trial court ruled on the parties' motions for summary judgment. The trial court initially held that version 9835.5 of the Terrills' policy applied. The trial court also held that the Terrills' claims were limited to a single "each person" limit of $100,000. Applying Savoie, the trial court found that the $25,000 of liability coverage was to be setoff against Mrs. Terrill's damages, not the policy limits. Having found that State Farm was not exposed to multiple claims for its limits, the trial court denied State Farm's interpleader cause of action. With respect to Mrs. Terrill's bad faith claim, the trial court granted State Farm summary judgment and found that there was reasonable justification for State Farm to refuse to pay $75,000 without Mr. Terrill's release. The trial court stated, "Had State Farm paid its limits only to Mrs. Terrill, State Farm would have undoubtedly been subjected to a bad faith claim by Mr. Terrill since it would have exhausted its limits and not satisfied his claims." The trial court also granted State Farm summary judgment as to Mrs. Terrill's claim for punitive damages.
On April 16, 1997, after conducting a pretrial, the remaining issues were brought to the trial court's attention. On its own motion, the trial court held that since it found in its prior ruling that State Farm was justified in not paying Mrs. Terrill, there was no breach of contract. As such, the trial court dismissed Mrs. Terrill's last remaining claim for breach of contract.
With all of the claims for relief of both Mrs. Terrill and State Farm disposed of, the Terrills appealed the judgment of the trial court. The Terrills set forth the following four assignments of error:
 "1. The trial court erred in granting summary judgment in favor of State Farm, dismissing Elizabeth Terrill's tort claim for breach of State Farm's duty of good faith and fair dealing in the handling of her underinsured motorist coverage claim (Plaintiff's Second Claim for Relief). (Appendix A, Decision and Judgment Entry, April 26, 1996, at 8)
 "2. The trial court erred in granting summary judgment in favor of State Farm, dismissing Elizabeth Terrill's claim for punitive damages (Plaintiff's Third Claim for Relief). (Appendix A, Decision and Judgment Entry, April 26, 1996, at 8)
 "3. The trial court erred in granting summary judgment in favor of State Farm, dismissing Elizabeth Terrill's claim for breach of contract (First Claim for Relief). (Appendix B, Judgment Entry, April 16, 1997, at 2)
 "4. The trial court erred in judicially declaring that the underinsured motorist bodily injury claim of Elizabeth Terrill and the underinsured motorist loss of consortium claim of Thomas Terrill are subject to the same `each person' limit of liability under State Farm's automobile insurance policy. (Appendix A, Decision and Judgment Entry, April 26, 1996, at 8; Appendix B, Judgment Entry, April 16, 1997, at 2)"
This court notes at the outset that in reviewing a summary judgment, we must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
An insurer has a duty to its insured to act in good faith in the handling and payment of an insured's claims. Hoskinsv. Aetna (1983), 6 Ohio St.3d 272. In Zoppo v. Homestead Ins. Co.
(1994), 71 Ohio St.3d 552, paragraph one of the syllabus, the Ohio Supreme Court set forth the standard to be applied in determining whether an insurer acted in bad faith:
 "An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor. (Hart v. Republic Mut. Ins. Co. [1949], 152 Ohio St. 185, * * * and Staff Builders, Inc. v. Armstrong [1988], 37 Ohio St.3d 298, * * * approved and followed; Slater v. Motorist Mut. Ins. Co. [1962], 174 Ohio St. 148, * * *, paragraph two of the syllabus, overruled; Motorists Mut. Ins. Co. v. Said [1992], 63 Ohio St.3d 690, * * * overruled to the extent inconsistent herewith.)"
We find that State Farm had reasonable justification for refusing to settle with the Terrills absent a full release from them both. At the time of the parties' negotiations, February 8, 1991 to January 20, 1992, the law in Ohio was such that Mr. Terrill did not have a separate cause of action for his derivative loss of consortium claim. See Tomlinson v. Skolnik (1989),44 Ohio St.3d 11, and Dues v. Hodge (1988), 36 Ohio St.3d 46, paragraph two of the syllabus. As such, the Terrills were limited to a single "each person" limit of $100,000, absent any setoff. Also at the time of negotiations, State Farm was entitled to a setoff of $25,000 against the $100,000 limit of underinsured motorist coverage. Accordingly, under the status of law at the time of negotiations, for both Mrs. Terrill's bodily injury claim and Mr. Terrill's potential loss of consortium claim, the total amount recoverable under the underinsured motorist provision of the Terrills' policy was $75,000.
We therefore find that State Farm had reasonable justification in not exhausting the total amount of underinsured motorist coverage available to Mr. Terrill without first seeking his consent, by way of a release. State Farm was legitimately protecting its interests and its insureds' interests. Such actions of an insurer, as found in this case, do not constitute bad faith.
Furthermore, we find that Kehoe v. Lightning Rod Mut.Ins. Co. (1996), 115 Ohio App.3d 234, is distinguishable from this case. Although the insurer in Kehoe was bound to pay at least $50,000 of underinsured motorist coverage, it did not pay this undisputed amount for eleven months. Contrary to Kehoe, State Farm was readily prepared to tender the full $75,000 available to the Terrills under their underinsured motorist provision in exchange for a release. These cases are not similar. Appellants' first assignment of error is therefore found not well-taken.
Mrs. Terrill is not entitled to punitive damages because State Farm did not act in bad faith, i.e., did not breach its duty to exercise good faith in processing Mrs. Terrill's claim. Accordingly, appellants' second assignment of error is found not well-taken.
Having found that State Farm was reasonably justified in its actions, we hold that State Farm did not breach its contract with Mrs. Terrill. Accordingly, appellants' third assignment of error is found not well-taken.
In their fourth assignment of error, appellants assert that the trial court erred in declaring that Mr. Terrill did not have a separate "each person" policy limit available to him for his potential derivative claim of loss of consortium. As stated previously, the law during the time of negotiations was such that Mr. Terrill was not entitled to his own "each person" limit. However, in 1996, the Ohio Supreme Court in Schaefer v. AllstateIns. Co. (1996), 76 Ohio St.3d 553, syllabus, held:
 "Each person who is covered by an uninsured motorist policy and who is asserting a claim for loss of consortium has a separate claim subject to a separate per person policy limit. A provision in an insurance policy which reaches a contrary result is unenforceable. (Tomlinson v. Skolnik [1989], 44 Ohio St.3d 11, * * * and Dues v. Hodge [1988], 36 Ohio St.3d 46, * * * paragraph two of the syllabus, overruled.)
Accordingly, Mr. Terrill is entitled to a separate per person policy limit for his loss of consortium claim.
Appellants' fourth assignment of error is therefore found well-taken.
On consideration whereof, the court finds substantial justice has not been done the party complaining. As set forth in our opinion, the judgment of the Lucas County Court of Common Pleas is reversed, in part, and affirmed, in part. Costs of this appeal to be paid equally by the parties.
JUDGMENT REVERSED, IN PART
 AND AFFIRMED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.
[1] This fact is in dispute. The Terrills assert that only Mrs. Terrill made a demand for her damages and that Mr. Terrill never made a claim for his derivative loss of consortium claim. State Farm asserts that the demand was as to both Mrs. Terrill's bodily injury claim and her husband's loss of consortium claim. For purposes of our ruling, this is not a genuine issue of material fact and, therefore, will remain unresolved.
[2] The issue of which policy applied was debated at great length, however, as later explained, the result is the same regardless of which policy language is applied.