JOURNAL ENTRY AND OPINION
Plaintiffs-appellants Steven Bowman and David Dwyer appeal from a summary judgment entered in favor of defendant-appellee Allstate Insurance Company in so far as it dismissed plaintiffs' claims for punitive damages and attorney fees for Allstate's breach of a settlement agreement. We find no error and affirm.
On October 20, 1994, plaintiffs Steven Bowman and David Dwyer were involved in a motor vehicle accident with an Allstate insured named Jeremy Spaw. They filed suit on this accident claim (C.P. No. 30152). On August 5, 1997, a settlement was reached between the plaintiffs and Allstate, Spaw's carrier. As a result of that settlement, plaintiff Bowman was to receive $5,000 and plaintiff Dwyer was to receive $3,500. A journal entry of dismissal was filed with the court on August 14, 1997. Settlement drafts payable to Bowman and Dwyer were subsequently forwarded by Allstate to Scott Derkin, the attorney representing defendant Spaw. These drafts were not forwarded by Derkin on to plaintiffs' counsel Murray Richelson and David Katz for distribution to their clients.
Plaintiffs' counsel claims that they contacted Scott Derkin on several occasions by telephone, by letter and in person, to request that he forward the settlement checks and, on each occasion, Derkin promised to immediately forward the checks, but never did. In any event, the settlement drafts were not forwarded in a timely fashion.
On December 8, 1997, plaintiffs Bowman and Dwyer filed the present lawsuit against Allstate alleging that the failure to provide the settlement drafts constituted a breach of the settlement agreement. Allstate's answer denied these allegations. Counsel for Allstate contacted plaintiffs' counsel, David Katz, in an effort to resolve this matter. A case management conference was held before the trial court on February 26, 1998, at which Mr. Richelson was present on behalf of plaintiffs and indicated that plaintiffs "wanted" something in addition to the original settlement amounts. He suggested defense counsel contact Mr. Katz who was out of town at the time. On March 9, 1998, Allstate's present counsel contacted Mr. Katz who presented a demand of $20,500. On March 23, 1998, Allstate's present counsel contacted Mr. Katz and offered the original settlement amount of $8,500 plus interest at the statutory rate (10%) as well as the cost of filing fees for the present case. This offer was rejected.
Thereafter, on May 29, 1998, Allstate filed a motion for summary judgment. The trial court granted the motion and entered an order providing that plaintiffs were entitled to damages in the amount of the settlement to wit: $8,500 plus 10% interest from August 5, 1997 until the settlement drafts were issued. The trial court denied the plaintiffs' claims for punitive damages and attorney fees. This timely appeal ensued.
Plaintiffs' sole assignment of error states as follows:
 I. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE ALLSTATE AND AGAINST THE APPELLANTS MR. BOWMAN AND MR. DWYER AND, IN SO DOING, DISMISSING AND PRECLUDING THE APPELLANTS' CLAIMS FOR PUNITIVE DAMAGES AND ATTORNEYS' FEES AGAINST ALLSTATE FOR ITS BREACH OF SETTLEMENT AGREEMENT; WILLFUL, MALICIOUS, RECKLESS, AND INTENTIONAL MISCONDUCT; AND BAD FAITH; ALL OF WHICH ARE GENUINE ISSUES OF MATERIAL FACT FOR THE JURY TO DECIDE AT TRIAL.
Appellate review of summary judgments is de novo. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court recently restated the appropriate test inZivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v.Eckstein (1996), 76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-59.
Plaintiffs' cause of action was for breach of a settlement agreement. In addition, they alleged that the failure to timely pay the settlement amounts was "willful and malicious" and prayed for both compensatory and punitive damages, along with attorney fees and costs.
In Meisel v. Buildt (Oct. 17, 1996), Cuyahoga App. No. 70168, unreported, this Court recently stated:
 As a general rule, irrespective of the motive of a defendant and regardless of how willful the breach, an action for breach of contract does not allow an award of punitive damages. Digital Analog Design Corp. v. North Supply Co. (1989), 44 Ohio St.3d 36, 45-46; Ketchum v. Miller (1922), 104 Ohio St. 372, paragraph two of the syllabus; Spaulding v. Coulson
(1995), 104 Ohio App.3d 62, 78. Without an award of punitive damages, there can be no award for attorney fees. Digital Analog Design Corp. v. North Supply Co., supra, at 662. See, also, Hutchinson v. J.C. Penney Cas. Ins. Co. (1985), 17 Ohio St.3d 195.
 An exception exists, however, when the actions constituting the breach of contract also comprise an independent, willful tort. If the necessary element of malice is present, punitive damages may be recovered. Saberton v. Greenwald (1946), 146 Ohio St. 414, 426; Goldfarb v. The Robb Report, Inc. (1995), 101 Ohio App.3d 134, 140; Ali v. Jefferson Ins. Co.
(1982), 5 Ohio App.3d 105, 107.
 Actual malice sufficient to support an award of punitive damages consists of (1) a state of mind under which a person's conduct is characterized by hatred, ill will or spirit of revenge or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. Preston v. Murty (1987), 32 Ohio St.3d 334, 336. See, also, Spaulding v. Coulson, supra, at 78.
Plaintiffs contend that they were entitled to a jury determination on the issue of punitive damages for Allstate's willful, malicious, reckless and intentional misconduct as well as bad faith in the breach of the settlement agreement. (Aplt's Brf. at 3). However, appellant's brief as well as the prior brief in the trial court and affidavits attached in support thereof failed to establish any misfeasance or malfeasance on Allstate's part. Even if Allstate's attorney, Mr. Derkin, was delinquent or indifferent to plaintiffs' requests to forward the settlement drafts, that conduct is not attributable to Allstate. Ordinarily, a principal is not liable for punitive damages because of the agent's malfeasance unless it "authorized, ratified, acquiesced or participated in" the agent's misconduct. 3 Ohio Jurisprudence 3d (1978), Agency, Section 156. Plaintiffs argue that their attorneys repeatedly "by telephone, in letters and in person requested Mr. Derkin to forward said settlement checks immediately to them pursuant to the settlement agreement." However, there was no evidence that Allstate or its claims adjuster were ever contacted concerning the status of the settlement drafts. No doubt it was annoying that Allstate's counsel failed to promptly forward the settlement drafts that were timely sent by Allstate.
The only evidence plaintiffs produce is the responses to requests for admissions by Allstate which affirmatively sets forth that "[T]he funds in settlement of this matter were to be forwarded within a reasonable period of time but states that due to the press of counsel's case load as well as a change in the computer system during the period of time in question, the forwarding of the funds was delayed." Further, plaintiffs have acknowledged that Allstate fully complied with the settlement agreement by forwarding the drafts to counsel. In short, the record does not establish that Allstate maliciously or recklessly ignored its obligation under the settlement agreement, but rather, in compliance therewith, forwarded the appropriate settlement drafts to its counsel. There is no evidence that anything other than inadvertence, the press of business and the change in office procedures and equipment caused the delay in the forwarding of those settlement drafts to plaintiffs.
Furthermore, we find the cases on which plaintiffs rely are not applicable. Both Kehoe v. Lightning Rod Mutual Insurance Company
(1996), 115 Ohio App.3d 234 and Zoppo v. Homestead Insurance Co.
(1994), 71 Ohio St.3d 552, involve cases in which the insurance company neglected its obligations to its own insured. Those cases do not address the situation at hand where the insurer Allstate entered into a settlement agreement with a third-party claimant against its insured. While Kehoe involves the alleged wrongful conduct of plaintiff's own insurance carrier and failure to properly evaluate and/or resolve a matter, the present claim is simply a breach of a settlement agreement by failing to forward settlement drafts in a timely manner, not in failing to resolve the claim.
The evidence before the trial court established that the plaintiffs and Allstate entered into a settlement agreement for a specific amount of money; that settlement drafts to conclude that settlement were forwarded by Allstate to its counsel; that due to inadvertence, those drafts were not forwarded to plaintiffs' counsel for four months; and that plaintiffs brought the present lawsuit in December 1997. Subsequently, these settlement amounts, plus statutory interests and costs, were tendered to plaintiffs in March 1998, but rejected. The trial court then granted Allstate's motion for summary judgment ordering payment of the agreed amounts, along with appropriate statutory interest and costs. Plaintiffs produced no evidence to support their allegations that the failure to submit settlement drafts from the period of August 1997 through the filing of a lawsuit was willful, malicious, reckless or done in bad faith. The only evidence produced was that the failure to timely forward the settlement drafts was, at most, inadvertent on the part of Allstate's former counsel. We find the trial court did not err in determining that there existed no genuine issue as to any material fact that punitive damages and attorney fees were not warranted and that Allstate was entitled to judgment as a matter of law.
Plaintiffs' sole assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J., and
ANNE L. KILBANE, J., CONCUR.
JAMES M. PORTER, ADMINISTRATIVE JUDGE