Plaintiffs-appellants, Vickie Johnson and Willie Allen, appeal from the grant of summary judgment in favor of defendants-appellees, Orville Oliver and State Farm Insurance Co. (hereinafter "State Farm")
Appellants, who jointly owned a residential property located at 14149 Onaway Road, Shaker Heights, Ohio, purchased a policy of insurance from appellee State Farm. The policy included coverage for loss due to fire damage. On or about February 28, 1995, the appellants' home was substantially damaged in a fire. Appellee State Farm provided coverage for the loss per the terms of the policy. Appellee Orville Oliver, a State Farm adjuster, dealt with the appellants on behalf of State Farm.
Appellants entered into a contract for the repair of their home with A.R. Goodman Enterprises, Inc. (hereinafter "Goodman") on May 2, 1995. State Farm was not a party to the contract between Goodman and the appellants. Per the terms of the contract between Goodman and the appellants, the appellants authorized State Farm to make payments directly to Goodman on behalf of the appellants. Prior to receiving a request from the appellants that these direct payments to Goodman be stopped, State Farm paid approximately $80,000 to Goodman for repairs purportedly made by Goodman to the appellants' home. At some point during the renovation project, the appellants became dissatisfied with the quality of the work being performed by Goodman. The appellants apparently believed that Oliver was making payments to Goodman for work that was never performed, without the knowledge of the appellants. On July 12, 1996, the within action was filed naming as defendants Arnold Goodman, Goodman Enterprises, Inc., State Farm, and Oliver. On February 26, 1998, the trial court granted the Motion for Summary Judgment filed by State Farm and Oliver.
Prior to trial on the appellants' remaining claims against the Goodman defendants, the appellants voluntarily dismissed their Complaint against the Goodman defendants without prejudice. The matter proceeded to trial on the Goodman defendants' counterclaims against the appellants. Shortly after the trial commenced, a settlement was reached between the appellants' and the Goodman defendants which resolved all claims between the parties. This appeal involves only the claims brought by the appellants in Counts II and Counts III for negligence and bad faith. There are three assignments of error presented for our review. The first assignment of error states:
 I. THE LOWER COURT ERRED IN GRANTING DEFENDANTS (SIC), STATE FARM INSURANCE COMPANY AND ORVILLE OLIVER'S MOTION FOR SUMMARY JUDGMENT WHERE A GENUINE ISSUE AS TO A MATERIAL FACT DID EXIST.
Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v. Ohio Std. Oil Co.,
(1982), 70 Ohio App.2d 1; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317.
It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317,330; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio State Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id.
at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56 (C) showing a genuine issue for trial exists. Id.
This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56 (C). "The reviewing court evaluates the record in light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion."Saunders v. McFaul (1990), 71 Ohio App.3d 46, 50; Link v.Leadworks Corp. (1992), 79 Ohio App.3d 735, 741.
It is elementary that to establish a cause of action in negligence, plaintiff must show: (1) a duty on the part of defendant to protect the plaintiff from injury, (2) a breach of that duty, and (3) an injury proximately resulting from the breach. Huston v. Koncieczny (1990), 52 Ohio St.3d 215, 217;Jeffers v. Olexo (1989), 43 Ohio St.3d 140; Thomas v. Parma
(1993), 88 Ohio App.3d 523, 527.
We will first discuss the propriety of the grant of summary judgment as it applies to defendant Oliver Orville. It is uncontested that at all times relevant Orville was an agent of State Farm. The appellants testified in their depositions that they had never met Orville prior to making a claim under their policy and that they had no contact with Oliver whatsoever other than discussions concerning their claim. There is no allegation that Oliver ever threatened or coerced the appellants in any way in the course of the parties' dealings with Goodman. The allegations against Oliver in Count IV[1] involve alleged failure to reimburse the appellants for certain expenses after representing that they would be covered, failure to retain the services of an architect to review the renovation work after Oliver represented that he would do so, and undervaluing the appellants' claim.
In Stuart v. National Indemnity Co. (1982), 7 Ohio App.3d 63, the court stated:
 An agent acting for an openly identified principal is ordinarily not liable in a contract action for the principal's breach of contract, because the claimant has presumably relied solely on the known principal's credit and performance.
The appellant's claim for "negligence" against Oliver must fail because there is no duty owed by an insurance adjuster, in his individual capacity, to a person making a claim on their policy of insurance. Because Oliver owed no duty to the plaintiffs in the course of the parties' dealings, there can be no recovery by the appellants against Oliver for the tort of negligence.
Turning to the appellants' claims against State Farm, it is apparent that the appellants failed to plead breach of contract against their insurer.[2] That is, the complaint does not allege that State Farm failed to comply with the terms of the policy it issued to the appellants in the settlement of the claims arising out of the fire to the appellants' home. Rather, the complaint contains a count for "bad faith" (Count III) and "negligence" (Count IV).
In Ohio an insurer cannot be sued for negligence by an insured. It is well settled that an insurance policy is a contract and that the relationship between the insured and the insurer is purely contractual in nature. Scott-Ponzer v. Liberty Mut. FireIns. Co. (1999). 85 Ohio St.3d 660, 663; Nationwide Mut. Ins. Co.v. Marsh (1984), 15 Ohio St.3d 107, 109.
The appellants' bad faith claim is predicated upon the "fraudulent," "unauthorized" and "excessive" payments made by State Farm to Goodman. The only evidence in the record on this issue indicates that the appellants both consented in writing to this method of payment. Once the appellants authorized the direct payment to Goodman it was incumbent upon the appellants to notify State Farm if there was a problem with the quality of the work which would require that payments to Goodman cease. The appellants seem to have expected that their insurer would serve as a sort of general contractor whose responsibility it would be to oversee all aspects of the renovation of the fire damaged home. This was not the function of State Farm. Rather, State Farm merely made payments directly to a contractor chosen by the appellants per the appellants' instructions.
In Zoppo v. Homestead (1994), the Ohio Supreme Court stated:
 * * *[O]ver the past forty-five years this court has consistently applied the "reasonable justification" standard to bad faith cases. According to this standard first announced in 1949 in the case of Hart v. Republic Mut. Ins. Co. (1949), 152 Ohio St. 185, 39 O.O. 465, 87 N.E.2d 347, and reaffirmed in Hoskins v. Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, 6 OBR 337, 452 N.E.2d 1315, and Staff Builders, Inc. v. Armstrong (1988), 37 Ohio St.3d 298, 525 N.E.2d 783, "an insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." Id. at 303, 525 N.E.2d at 788.
In the instant case, there was no refusal to pay the claim made by the appellants. The appellants also failed to offer any evidence that the amount paid by State Farm was unreasonable or insufficient to cover the necessary repairs. Rather, the claim is based entirely on the method of payment, which was expressly authorized by the appellants. Therefore, it cannot be said that State Farm acted unreasonably in the processing of this claim. The trial court properly granted summary judgment as there was no genuine issue of material fact on the appellants' bad faith claim. This assignment of error is overruled.
The appellants' second and third assignments of error state:
 2. THE LOWER COURT ERRED IN STRIKING COUNT III OF PLAINTIFF'S COMPLAINT (BAD FAITH CLAIM) (STATE FARM INSURANCE COMPANY).
 3. THE LOWER COURT ERRED IN STRIKING COUNT IV OF PLAINTIFF'S COMPLAINT (NEGLIGENCE CLAIM AGAINST DEFENDANT, ORVILLE OLIVER, AND DEFENDANT, STATE FARM INSURANCE COMPANY).
The trial court never struck Counts III and IV of the plaintiff's complaint. The entry of summary judgment by the court on these two counts was not equivalent to "striking" them. Therefore, these assignments of error are moot.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________ MICHAEL J. CORRIGAN JUDGE
O'DONNELL. TERRENCE. P.J. and
PATTON. J., CONCUR.
[1] Count IV is labeled "Negligence Claim against defendant Orville Oliver and defendant State Farm Insurance Company."
[2] Appellees contend that appellants were time-barred from bringing an action in contract because the complaint was not filed until well after one year after the fire and the policy contains a provision requiring that all actions be brought within one year of the date of loss.