Weygandt, C. J.
 

 Counsel are agreed that this case presents a question of first impression in this court.
 

 Where, as here, a liability insurance company reserves “the right to settle any claim or suit and to make such investigation or negotiation as may be deemed expedient by the company,” what duty does it owe in defending the insured? Is it liable for failure to exercise ordinary care in settling or refusing to settle claims? Or is it liable only in the event that it fails to act in good faith?
 

 Counsel are agreed that there is a diversity of authority on the subject and that the majority rule imposes liability only in the event of failure to act in good faith. Numerous cases are cited in American Law Reports, Annotated, as follows: 34 A. L. R., 750; 37 A. L. R., 1484; 43 A. L. R., 329; 71 A. L. R., 1485; and 131 A. L. R., 1500. In the last annotation it is stated that “a majority of the courts passing upon the question hold that the insurer cannot be held liable in tort for mere negligence on its part in failing or refusing to settle or compromise a claim brought against the insured for an amount within the policy limit, but that to be held liable in tort for its failure or refusal in
 
 *188
 
 this respect so as to entitle the insured to recover for the excess of the judgment over the policy limit it must have been guilty of fraud or bad faith.”
 

 This court is of the opinion that the majority rule is the better reasoned view.
 

 The next question is whether the record discloses evidence tending to show a lack of good faith on the part of the company toward its insured in refusing to accept one of the numerous offers of settlement.
 

 The plaintiff’s contention is “that from the time that the defendant undertook the performance of its contractual obligations until- final disposition of said suit, it acted without due regard to his rights and in abuse of its exclusive rights under said policy of insurance; that at no time did said defendant consider the plaintiff’s interest but preferred to consult its own selfish interest and, in so doing, acted so recklessly and contumaciously that as a direct res,ult thereof the plaintiff sustained the foregoing loss and damage.”
 

 The defendant company insists that it was justified in its conduct because it believed there was no liability for the injuries sustained by the boy.
 

 However, such a belief may not be an arbitrary or capricious one. The conduct of the insurer must be based on circumstances that furnish reasonable justification therefor. Here the injuries were serious and permanent. The company had no eyewitness to sustain its claim of nonliability. The first offer of settlement was small. Later offers were but a fraction of the amount of the jury’s verdict. The insured made repeated attempts to have the company assist in finding some solution' of the matter. In desperation he even made a trip to the main office of the company in Columbus to discuss the difficulty with the president who was also the general counsel. The insured explained that his two trucks were his only means for
 
 *189
 
 supporting himself and his large family and that both trucks had been seized by the sheriff. The company’s own local agent pleaded with the president to render some assistance, saying that with both trucks in the hands of the sheriff the plaintiff “don’t have anything to work with” to support his family. Then, in spite of the fact that both trucks already were in the sheriff’s possession, the president is quoted as answering, “Boy, they are just trying'to bluff you; they can’t sell those trucks, and I will be down on Tuesday next week, I will call and see you.” The president not only did not keep the engagement but he did not communicate with the insured who was permitted to suffer the loss of one truck for eight weeks and the other truck permanently.
 

 The cumulative effect of these and other circumstances narrated in the record is such as to preclude a holding that there is no evidence tending to show a lack of good faith on the part of the company. Hence, the ruling of the trial court in this respect was erroneous.
 

 In the instructions to the jury the trial court stated that the plaintiff would be entitled to recover if the defendant acted either negligently or in bad faith. The first part of this instruction was error. No interrogatories were submitted to the jury, and hence it is impossible to determine whether the verdict was based on a finding of negligence or bad faith or both. Consequently the judgments below must be reversed and the cause remanded for a retrial on the claim of bad faith.
 

 Judgment reversed and cause remanded.
 

 Matthias, Hart, Zimmerman and Turner, JJ., concur.
 

 Stewart and Taut, JJ., concur in the syllabus but dissent from the judgment.