STEFANO, Appellant,

v.

COMMODORE COVE EAST, LTD.; Farmers Insurance Company et al., Appellees.

[Cite as *Stefano v. Commodore Cove E., Ltd.* (2001), 145 Ohio App.3d 290.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20447.

Decided Aug. 1, 2001.

*Charles Gruenspan,* for appellant.

*Clark D. Rice* and *Ann E. Leo; Gregory H. Collins;* and *Mark A. Greer,* for appellees.

BAIRD, Judge.

Michelle Stefano appeals from the judgment of the Summit County Court of Common Pleas, which granted summary judgment to defendants Farmers Insurance Company and Truck Insurance Exchange on Stefano's claim of insurance bad faith. This court reverses.

I

In April 1996, Michelle Stefano became a condominium unit owner at the Commodore Cove East condominium property, located in Reminderville. On February 13, 1997, a pipe burst in the wall between the garage and the interior bathroom in Stefano's premises. Stefano called the condominium management about filing a claim under the condominium's insurance policy, issued by Farmers Insurance Company and Truck Insurance Exchange (collectively, "Truck"). Later, Stefano contacted Truck about filing a claim. Stefano also filed a claim with

her own insurance company, State Farm, since it was unclear which policy would govern Stefano's claim.

The Commodore Cove East condominium property had been built and was maintained by Commodore Cove East, Ltd., a limited liability company ("Commodore Cove"). Commodore Cove had purchased from Truck a policy of property and liability insurance on the condominium property, effective November 22, 1994 to November 22, 1995. On April 27, 1995, Commodore Cove filed a declaration of condominium ownership and bylaws of Commodore Cove East Condominium Owners' Association ("the Association") with the Auditor for Summit County. This document created the Association and imposed on the Association the duty to purchase property insurance for the condominium common areas and for certain defined portions of each condominium unit. The Association's bylaws also assigned to each unit owner the responsibility for obtaining insurance for that premise, as defined by the bylaws. Arguably, the Association had a duty to carry insurance coverage governing such claims as the instant claim.[1] After Truck opened a claims file on Stefano's claim, it received notice from Commodore Cove, stating that Commodore Cove was not interested in pursuing a claim related to Stefano's incident. Thereafter, Truck closed its claim file and refused to pay on the claim. Ultimately, sometime in 1997 Stefano filed suit against numerous entities, including State Farm and Truck to obtain compensation on her claim.[2]

All the various claims and parties were resolved over a course of four years, with Truck ultimately paying on Stefano's claim on February 28, 2001. During the course of the litigation, Truck filed a motion for summary judgment on the bad-faith claim, asserting that although Truck had initially denied Stefano's claim improperly, that failure to pay the claim did not amount to insurance bad faith. The trial court granted summary judgment to Truck.

Stefano now appeals, assigning as error the grant of summary judgment in favor of Truck, when there were genuine issues of material fact concerning whether Truck had denied Stefano's claim in bad faith.

## II

### A. SUMMARY JUDGMENT

We begin our discussion with an outline of the standard of review applied by an appellate court when reviewing a grant of summary judgment. To prevail on a

---

1. When Stefano initially filed suit in 1997, she named State Farm as a defendant that was obliged to reimburse Stefano for the damage to her unit, pursuant to Stefano's insurance policy. The trial court granted summary judgment to State Farm, finding that given its bylaws, the Association was obliged to provide insurance coverage for this claim.

2. The initial suit was dismissed without prejudice as to most parties and Stefano filed the instant complaint on August 27, 1999.

summary judgment motion, the moving party "bears the initial burden of *demonstrating* that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis *sic.*) *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264, 273. To accomplish this, the movant must be able to point out to the trial court "evidentiary materials [that] show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Id.* at 293, 662 N.E.2d at 273. If such evidence is produced, the nonmoving party must proffer evidence that some issue of material fact remains for the trial court to resolve. *Id.*

■ An appellate court reviews an award of summary judgment *de novo* and, like the trial court, must view the facts in the case in the light most favorable to the nonmoving party. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, 244–245. Any doubt must be resolved in favor of the nonmoving party. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 13–14, 467 N.E.2d 1378, 1383–1384.

## B. INSURANCE BAD FAITH

If an insurer improperly refuses to pay a valid claim, that failure may amount to insurance "bad faith." The Supreme Court of Ohio has explained that the insurer's failure to pay a claim need not involve bad intent or malice to amount to "bad faith." In *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, 644 N.E.2d 397, the court reviewed a case where the insurer failed to pay a claim on fire damage to the insured's business establishment because the insurer believed that the insured had set the fire for the insurance money. The insurer's investigation uncovered evidence that third parties had threatened to burn down the establishment and that the insured would reap no financial gain by setting fire to his own business. Notwithstanding this evidence, the insurer refused to pay the claim on the suspicion that the insured deliberately set fire to the premises.

■ The Supreme Court in *Zoppo* found that the insurer's failure to pay the claim under these circumstances amounted to the tort of bad faith. The court reviewed and clarified its earlier holdings in this area and held:

"An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor. (*Hart v. Republic Mut. Ins. Co.* [1949], 152 Ohio St. 185, 39 O.O. 465, 87 N.E.2d 347, and *Staff Builders, Inc. v. Armstrong* [1988], 37 Ohio St.3d 298, 525 N.E.2d 783, approved and followed; *Slater v. Motorists Mut. Ins. Co.* [1962], 174 Ohio St. 148, 21 O.O.2d 420, 187 N.E.2d 45, paragraph two of the syllabus, overruled; *Motorists Mut. Ins. Co. v.*

*Said* [1992], 63 Ohio St.3d 690, 590 N.E.2d 1228, overruled to the extent inconsistent herewith.)" *Zoppo* at paragraph one of the syllabus.

With this legal standard in mind, we now review the facts of the instant case in the light most favorable to Stefano to determine whether reasonable minds could differ about whether Truck lacked reasonable justification in refusing to pay Stefano's claim.

## C.   CIRCUMSTANCES SURROUNDING TRUCK'S REFUSAL TO PAY

█   Unlike the facts in *Zoppo,* where the insurer was required to undertake an investigation into the actual damage incident itself, the claim in this case was straightforward both in its cause and in its extent.  The proper resolution of this claim necessitated primarily a review of the insurance policy and the Association bylaws to determine whether Stefano was entitled to file a claim under this policy.

In support of its motion for summary judgment, Truck offered the September 29, 1998 affidavit of Ken Hughes, the Truck employee assigned to investigate this claim.   Hughes stated that Commodore Cove contacted Truck about Stefano's damage claim in February 1997.   Hughes stated that Truck closed its claim file because Commodore Cove determined not to pursue the claim.   Hughes said that Commodore Cove was the named insured on "a Property and Casualty policy [issued] to Commodore Cove East LTD [Commodore Cove], with effective dates of November 22, 1996 to November 22, 1997.  (A copy of which is attached hereto as Exhibit A[.] )"

However, there was no Exhibit A attached to the Hughes affidavit.   Rather, Truck attached as Exhibit B to the summary judgment motion a copy of the policy issued by Truck to Commodore Cove, with a Policy Declarations statement indicating that the policy was issued for the period from November 22, 1994 to November 22, 1995.   The policy declaration page for the 1994–1995 period indicates that Commodore Cove was indeed the named insured.   However, Stefano's claim did not arise until February 13, 1997, beyond the time period covered by this policy.   Furthermore, it is clear from the Association's bylaws that the Association was created on April 27, 1995, and pursuant to the bylaws it was the duty of the Association, not Commodore Cove, to buy the requisite insurance to cover this type of claim.

In its summary judgment motion, Truck said that it believed Stefano had no right to file a claim on the policy.   Hughes averred that "[a]fter review of the Condominium By Laws, the policy provisions and the relevant Ohio law, Truck Insurance Exchange determined that Michelle Stefano may pursue a claim for this property damage claim under its policy independent of the named insured's

refusal to submit such a claim of loss."[3]  Hughes does not say when this review of the relevant documents occurred.  However, it is clear that this review did not occur until sometime after Stefano's claim was denied.

Given that the insurance policy related to a condominium and involved various parties to the condominium enterprise with specifically defined rights and responsibilities, Truck should have been on notice that, in order to resolve this claim, it had to investigate thoroughly the rights of the various parties under this policy. A cursory review of the Association bylaws establishes that the Association is required to buy insurance to cover Stefano's claim.  Yet, in its motion for summary judgment, Truck submitted a policy that was issued before the Association existed.  Furthermore, Truck closed the claim because Commodore Cove, as the named insured, ·refused to pursue the claim, notwithstanding that the Association bylaws assigned to the Association, not Commodore Cove, the duty to buy insurance.  The bylaws also state that the Association will buy insurance for the benefit of the unit owners, and the insurance policy acknowledges that Truck may cancel the policy only after prior notice to the named insured and each unit owner to whom a certificate of insurance has been issued.  These documents indicate that Truck could not reasonably rely on Commodore Cove's decision not to pursue the claim as a basis for refusing to pay Stefano.

When the incident claim was filed in February 1997, Truck should have known that it needed to determine the identity of the named insured and whether other persons or entities could file a claim under the policy.  Rather than doing so, Truck apparently reviewed (1) the declaration page of a policy governing a period that had expired before the claim arose, which listed Commodore Cove as the named insured, and (2) an April 9, 1997 letter from an agent of Commodore Cove stating that Commodore Cove would not pursue the claim.  With this cursory review, Truck simply closed its claim file.

Truck maintains that once it realized that Stefano had the right to pursue a claim under this policy, "Truck * * * endeavored to complete its investigation of the causes and extent of the damage and to reach a fair and reasonable settlement of this claim."  Truck offers no reason to justify why it did not immediately conclude that Stefano could file a claim under the policy.  Furthermore, notwithstanding this admission of liability to Stefano on the claim, Truck did not pay Stefano's claim until long after Truck filed its summary judgment motion on the bad-faith claim.  Truck offered no evidence to show why its investigation took four years to complete.

---

**3.**  At one point, Truck advised Stefano that only the governing board of the Association could file a claim under the bylaws and the policy.

Finally, on October 5, 1999, Truck filed answers to Stefano's August 27, 1999 complaint. In its answers, Truck stated that Stefano was not "a third-party beneficiary" under the insurance contract. This answer came over a year after Truck, by way of Hughes's affidavit, admitted that Stefano was entitled to file a claim under the Truck policy.

Given these facts and construing them in the light most favorable to Stefano, it is clear that reasonable minds could reach different conclusions about whether Truck's "refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." See *Zoppo* at paragraph one of the syllabus. Truck was not entitled to summary judgment on the claim of insurance bad·faith because there were genuine issues of material fact on this matter.

Stefano's assignment of error is well taken and it is sustained.

### III

Having affirmed the assignment of error, we reverse the trial court's grant of summary judgment, and we remand the cause for further proceedings not inconsistent with this judgment.

*Judgment reversed*
*and cause remanded.*

BATCHELDER, P.J., and CARR, J., concur.