DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Dover Lake Park, Inc. has appealed from verdicts entered in the Summit County Court of Common Pleas in favor of Defendant-Appellee Scottsdale Insurance Company on its claims for breach of contract and bad faith. This Court affirms.
 I {¶ 2} Dover Lake Park, Inc. ("Dover Lake") was insured under a commercial general liability policy of insurance issued by Scottsdale Insurance Company ("Scottsdale"). The policy specified liability limits of one million dollars per occurrence, and included a self-insured retention ("SIR") endorsement. Under the terms of the endorsement, Scottsdale's liability applied only to amounts in excess of the SIR amount of $10,000. The endorsement further provided that the $10,000 SIR "will be reduced by any `Loss Adjustment Expense' you incur." "Loss adjustment expense" was in turn defined as "claim expenditures including, but not limited to, investigations, experts, adjustment services, legal services, court costs and such other costs." The endorsement also established specific rights and obligations of each party for the defense and settlement of claims:
"You [Dover Lake] have the obligation to provide adequate defense and investigation of any claim. We [Scottsdale] have the right, but no obligation, in all cases, at our own expense, to assume charge of the defense and/or settlement of any claim, and, upon our written request, you must tender such portion of the [SIR] as we may deem necessary to complete the settlement of such claim."
 {¶ 3} Finally, the endorsement specified Dover Lake's obligation to report claims or losses to Scottsdale:
"You [Dover Lake] must report to us [Scottsdale] as soon as practicable each claim or loss for which your estimated amount of loss, including `Loss Adjustment Expense,' is 50% or more of the Each Occurrence or Offense Self-Insured Retention. You must also report all cases of serious injury[.]"
 {¶ 4} In September 1998, an attorney representing Ms. Tanna Bumgardner notified Dover Lake of a claim for injuries allegedly sustained by Ms. Bumgardner on Dover Lake's premises in August 1998, during the effective period of the policy. Ms. Bumgardner filed a lawsuit on the claim in May 1999. Dover Lake thereupon retained counsel and incurred $56,221.81 in legal, expert, and litigation expenses in its defense against the suit. On April 2, 2001, two weeks before the scheduled trial date, Dover Lake notified Scottsdale of Ms. Bumgardner's settlement demand of $35,000. Scottsdale subsequently agreed to this demand and paid Ms. Bumgardner $35,000 in settlement of the claim.
 {¶ 5} Dover Lake requested reimbursement from Scottsdale for its fees and expenses in defending the suit, less the $10,000 SIR, incurred through April 2, 2001, for a total of $46,221.81. Scottsdale refused to reimburse Dover Lake for its fees and expenses, on the ground that Dover Lake breached its obligations under the endorsement by failing to notify Scottsdale of the claim until two weeks before the scheduled trial.
 {¶ 6} Dover Lake then commenced the instant action, alleging that Scottsdale breached its obligations under the policy and acted in bad faith by refusing to reimburse Dover Lake's fees and expenses. The matter proceeded to trial before a jury. At the close of Dover Lake's case-in-chief, the trial court granted Scottsdale's motion for a directed verdict on the claim of bad faith. The jury thereafter returned a verdict in favor of Scottsdale on Dover Lake's breach of contract claim, and the trial court entered judgment accordingly. Dover Lake has timely appealed, asserting three assignments of error.
 II Assignment of Error Number One
"The Trial Court Erred In Denying [Dover Lake's] Proposed Jury Instruction On The Issue Of Prejudice By Late Notice."
 {¶ 7} In its first assignment of error, Dover Lake has argued that the trial court erred in denying its proposed jury instruction. Dover Lake has contended that the trial court should have instructed the jury that, if it found that Dover Lake had given late notice of Ms. Bumgardner's claim to Scottsdale, it must determine whether Scottsdale suffered actual prejudice as a result of the late notice.
 {¶ 8} A requested jury instruction should be given if it is a correct statement of the law applicable to the facts of the case and reasonable minds might reach the conclusion sought by the instruction.Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591. An appellate court reviews whether the trial court's failure to give a requested instruction constitutes an abuse of discretion under the facts and circumstances of the case. State v. Wolons (1989), 44 Ohio St.3d 64,68. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} Dover Lake requested that the trial court give the following instruction to the jury, under the heading "Late Notice":
"You must determine whether Dover Lake breached its contract by giving late notice of the Bumgardner claim. If you find that Dover Lake gave timely notice then you should enter judgment for [Dover Lake]. If you find that Dover Lake gave late notice you must then determine whether that late notice caused prejudice to [Scottsdale]. Prejudice in this case would be causing [Scottsdale] to be responsible for attorney fees, expert fees and litigation expenses it would not have been responsible for if timely notice was given."
 {¶ 10} Dover Lake has argued that, under Ohio law, failure to comply with a notice provision in an insurance contract only relieves the insurer of its obligations if the insurer has been prejudiced by the failure. In support of its position, Dover Lake has cited Ferrando v.Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186, 2002-Ohio-7217, in which the Ohio Supreme Court examined the issue of the effect of an insured's failure to comply with a notice requirement on the insurer's obligations to provide UIM coverage:
"If the insurer did receive notice within a reasonable time, the notice inquiry is at an end, the notice provision was not breached, and UIM coverage is not precluded. If the insurer did not receive reasonable notice, the next step is to inquire whether the insurer was prejudiced. Unreasonable notice gives rise to a presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut." (Emphasis sic.) Id. at ¶ 90.
 {¶ 11} Dover Lake has maintained that the prejudice inquiry as set forth in Ferrando is a correct statement of the law as it applies to the facts of this case. Dover Lake has further argued that it presented evidence sufficient to create an issue as to whether the presumption of prejudice to Scottsdale was rebutted in this case, and the trial court therefore erred in refusing to instruct the jury on the prejudice inquiry.
 {¶ 12} We conclude, however, that the prejudice inquiry described in Ferrando has no application to a determination of whether Dover Lake's late notice relieved Scottsdale of its obligation under the policy to provide reimbursement for Dover Lake's pre-tender fees and litigation expenses. The court in Ferrando cited three policy reasons supporting the "modern trend" toward concluding that late notice should not automatically bar an insured's claim for UIM benefits. These policy reasons include the adhesive nature of insurance contracts, the public policy of compensating tort victims, and the inequity of the insurer receiving a windfall due to a technicality. Ferrando, 2002-Ohio-7217 at ¶ 35-37.
 {¶ 13} These rationales justifying a consideration of prejudice in the context of an insurer's obligation to provide UIM benefits, however, are not directly applicable to a determination of Scottsdale's obligation to reimburse Dover Lake for litigation expenses incurred in Dover Lake's defense of a suit about which it failed to promptly notify Scottsdale. Most significantly, whether Scottsdale reimburses Dover Lake for its pre-tender fees and litigation expenses has no effect on the compensation of the tort victim; Scottsdale paid $35,000 in settlement of Ms. Bumgardner's claim.
 {¶ 14} With respect to the third policy justification described inFerrando, Dover Lake's failure to timely notify Scottsdale is not a mere "technical violation" because the endorsement gave Scottsdale the right,but not the obligation, to assume the investigation and defense of any claim. Dover Lake's failure to timely notify Scottsdale of Ms. Bumgardner's claim prevented Scottsdale from determining whether to exercise its right to assume the investigation and defense. Furthermore, Scottsdale would not receive a "windfall" if its obligation to reimburse Dover Lake's expenses was excused because, unlike in the UIM context, Scottsdale would not save the expense of providing coverage to compensate the injured party. Scottsdale already paid $35,000 in satisfaction of Ms. Bumgardner's claim; the only monies at issue at the trial were Dover Lake's pre-tender attorney fees and litigation expenses.
 {¶ 15} We conclude that, where Dover Lake provided unreasonably late notice of Ms. Bumgardner's claim to its insurer Scottsdale, the prejudice inquiry set forth in Ferrando is not applicable to a determination of Scottsdale's liability for failure to reimburse pre-tender litigation expenses incurred by Dover Lake in defending against the claim. Rather, once the jury concluded that Dover Lake breached its obligations under the endorsement by failing to timely notify Scottsdale of the claim, Scottsdale was excused from its obligation to reimburse Dover Lake for its pre-tender litigation expenses incurred in defending against the claim. See Red Head Brass, Inc. v. Buckeye Union Ins. Co.
(1999), 135 Ohio App.3d 616, 631, appeal not allowed (2000),88 Ohio St.3d 1447. The trial court therefore did not err in denying Dover Lake's request for a jury instruction on the issue of prejudice. Dover Lake's first assignment of error is without merit.
 Assignment of Error Number Two
"The Trial Court Erred And Abused Its Discretion In Denying The Admission Into Evidence Of [Dover Lake's] Exhibit 15."
 {¶ 16} In its second assignment of error, Dover Lake has argued that the trial court erred by denying its request to admit an exhibit into evidence. Dover Lake has contended that the trial court abused its discretion by refusing to admit a memorandum prepared by Mr. George Chelak, a SIR coordinator and administrator employed by Scottsdale, in which Mr. Chelak expressed doubt that Scottsdale was prejudiced by being deprived of the option to assume responsibility for the defense of Ms. Bumgardner's claim.
 {¶ 17} A trial court has broad discretion in determining whether to admit or exclude evidence, and this Court will not reverse an evidentiary ruling unless the trial court has abused its discretion and a party has suffered material prejudice thereby. Weiner, Orkin, Abbate Suit Co., L.P.A. v. Nutter (1992), 84 Ohio App.3d 582, 589. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore, 5 Ohio St.3d at 219.
 {¶ 18} Evid.R. 403(A) provides: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." The trial court denied Dover Lake's motion to admit Mr. Chelak's memorandum on the ground that it would confuse the jury.
 {¶ 19} In the memorandum, Mr. Chelak expressed his opinion that Scottsdale should not deny liability coverage to Dover Lake for Ms. Bumgardner's claim because of the absence of any evidence that Scottsdale suffered prejudice from Dover Lake's late notice. During the trial, Mr. Chelak read into the record the portion of the memorandum expressing this opinion. Consistent with Mr. Chelak's memorandum, Scottsdale accepted liability for the claim and paid Ms. Bumgardner $35,000 in settlement thereof. The opinion expressed in Mr. Chelak's memorandum applied only to Scottsdale's obligation to provide liability coverage, however, and not to the reimbursement of Dover Lake for its pre-tender attorney fees and expenses. The trial court therefore did not act arbitrarily, unreasonably, or unconscionably in refusing to admit the memorandum into evidence on the ground that its probative value is substantially outweighed by the danger that it might mislead the jury or confuse the issues. Dover Lake's second assignment of error is not well taken.
 Assignment of Error Number Three
"The Trial Court Erred In Granting Directed Verdict On [Dover Lake's] Claim Of Bad Faith."
 {¶ 20} In its third assignment of error, Dover Lake has argued that the trial court erred in granting a directed verdict on its claim of bad faith. Dover Lake has contended that it presented sufficient evidence from which the jury could conclude that Scottsdale acted in bad faith in refusing to reimburse its attorney fees and expenses incurred in defending against Ms. Bumgardner's claim.
 {¶ 21} Whether a trial court properly granted or denied a motion for a directed verdict presents a question of law, which we review de novo. Schafer v. RMS Realty (2000), 138 Ohio App.3d 244, 257, appeal not allowed (2000), 90 Ohio St.3d 1472. Civ.R. 50(A)(4) provides:
"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
 {¶ 22} A motion for a directed verdict tests the sufficiency of the evidence, not the weight of the evidence or the credibility of witnesses. Wagner v. Roche Laboratories (1996), 77 Ohio St.3d 116, 119. Where there is substantial evidence upon which reasonable minds may reach different conclusions, the motion must be denied. Posin v. A.B.C. MotorCourt Hotel (1976), 45 Ohio St.2d 271, 275. However, when the party opposing the motion has failed to produce any evidence on one or more of the essential elements of a claim, a directed verdict is appropriate.Hargrove v. Tanner (1990), 66 Ohio App.3d 693, 695.
 {¶ 23} An insurer has the duty to act in good faith in the processing and payment of valid claims of its insured. Hoskins v. AetnaLife Ins. Co. (1983), 6 Ohio St.3d 272, 276. Therefore, an insured can bring a cause of action sounding in tort against an insurer for a breach of that duty. Id. "[T]he insurer's failure to pay a claim need not involve bad intent or malice to amount to `bad faith.'" Stefano v.Commodore Cove E., Ltd. (2001), 145 Ohio App.3d 290, 293. Instead, "[a]n insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." Zoppo v.Homestead Ins. Co. (1994), 71 Ohio St.3d 552, paragraph one of the syllabus, certiorari denied (1995), 516 U.S. 809, 116 S.Ct. 56,133 L.Ed.2d 20.
 {¶ 24} Dover Lake has asserted that the jury could have concluded that Scottsdale's denial of its claim for attorney fees and expenses was not reasonably justifiable from 1) the terms of the SIR endorsement, 2) Mr. Chelak's memorandum, and 3) the absence of any prejudice suffered by Scottsdale. Dover Lake has failed to specify anything in the terms of the SIR endorsement, however, from which a jury could find that Scottsdale acted in bad faith in refusing to reimburse Dover Lake for its attorney fees and expenses. Mr. Chelak's memorandum, moreover, was properly excluded from evidence as discussed supra, and nothing from the portion of the memorandum that was read into the record gives rise to an inference that would support Dover Lake's bad faith claim. Finally, we have already determined that whether Scottsdale suffered any prejudice as a result of Dover Lake's breach of its obligation to provide timely notice was irrelevant to a determination of Scottsdale's liability for refusing to reimburse Dover Lake. The absence of prejudice alone, therefore, is insufficient to sustain Dover Lake's claim that Scottsdale acted in bad faith in refusing to reimburse its pre-tender fees and expenses. Dover Lake's third assignment of error must fail.
 III {¶ 25} Dover Lake's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
CARR, J. CONCUR