DECISION AND JUDGMENT ENTRY
{¶ 1} In this appeal from the Lucas County Court of Common Pleas we are asked to determine whether that court erred in granting summary judgment to appellee, the Guardian Grange Insurance Company, now known as Grange Indemnity Insurance Company ("Grange").
 {¶ 2} On June 5, 2000, appellant, Derek Reece entered into a motor vehicle insurance policy with Grange. The policy provided coverage for, among other things, damages resulting from the theft of appellant's 1991 Buick Park Avenue automobile. The policy contained the following relevant provision:
 {¶ 3} "PART F
 {¶ 4} "* * *
 {¶ 5} "Fraud
 {¶ 6} "We do not provide coverage for any insured who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy."
 {¶ 7} On July 19, 2000, appellant's Buick was stolen. When it was subsequently discovered, the car was severely damaged and lacked tires and wheels. Appellant's $3,168.29 radio and stereo was also missing from the automobile. It was later determined that the Buick could not be repaired and it was deemed a total loss.
 {¶ 8} Appellant immediately contacted Grange. His claim was assigned to a claims representative, Cathy DeKnight, formerly known as Cathy Ohrt. On July 26, 2000, De Knight had a recorded conversation with appellant in which he told her that, five days before the theft of his vehicle, he paid over $4,200 for new tires and rims for the Buick. When asked for proof of this loss, as allowed under his motor vehicle policy, appellant provided a receipt, dated July 14, 2000, from Extra Touch, Inc., that stated that appellant paid a total of over $4,200 for the tires and rims.
 {¶ 9} Joe Rose, a Grange claims adjuster, inspected appellant's vehicle on July 24, 2000. Realizing that the car was a total loss, the adjuster later valued the car at $4,265, excluding the stereo system, the rims, and the tires.
 {¶ 10} Due to the fact that the cost of the tires and rims was essentially equal to the value of the motor vehicle, DeKnight determined that a referral to Grange's Special Investigations Unit was warranted. Rod Rector, one of the unit's investigators, mailed a request to appellant asking him for a sworn statement demonstrating the proof of his loss. The sworn statement was to be accompanied by supporting documentation.
 {¶ 11} Rector also contacted the owner of Extra Touch, Inc., and learned that (1) he sold the tires and rims to appellant for $3,400 in cash; and (2) the tires and rims were used tires. Appellant later admitted that he paid only $2,700 in cash for these items and allegedly received a credit of $700 or $800 for trading in his old "wheels." Subsequently, Rector received a receipt for the tires and rims stating that appellant purchased them, used, from Extra Touch, Inc., for $2,700.
 {¶ 12} Based on the information gathered by Rector, De Knight sent a letter denying appellant's claim for compensation under his Grange motor vehicle insurance policy. The denial of the claim was expressly based upon the fraud provision in that policy.
 {¶ 13} Appellant then filed the instant action asking the trial court to declare that he was entitled to motor vehicle coverage under his policy with Grange. Appellant also asserted that Grange acted in bad faith in denying his claim. In addition to Grange, De Knight was initially named as a defendant in the complaint; nevertheless, appellant later voluntarily dismissed his claim against her.
 {¶ 14} Grange answered, and after conducting discovery, filed a motion for summary judgment on both the issue of coverage and the issue of bad faith. The motion was supported by the depositions of appellant, DeKnight, Rector, Rose and Allan Wegman, the Grange claim supervisor who authorized the denial of appellant's claim. Grange argued that the undisputed facts in this cause established that appellant committed insurance fraud within the meaning of both the Grange policy and Ohio Insurance Law, specifically, R.C. 2913.47, and was therefore not entitled to coverage. Grange further contended that it did not breach its duty of good faith because it had reasonable justification, i.e., appellant's fraudulent statements, both written and oral, concerning the age and the price of the tires and rims on his vehicle, to deny appellant's claim.
 {¶ 15} In response, appellant argued that because the Buick was a "total loss," the cost of tires and rims was immaterial to a determination of the benefits to be paid under the Grange policy. He also asserted that he acted in good faith, did not hinder his insurer's investigation in any way, and complied with the duties imposed upon him by the insurance policy.
 {¶ 16} In his June 24, 2002 judgment entry, the trial judge granted Grange's motion for summary judgment on appellant's "bad faith" claim, finding that appellant's undisputed oral and written misrepresentation of the cost of the tires and rims constituted a justifiable reason for the denial of his claim. However, the court denied Grange's motion for summary judgment on the question of appellant's entitlement to coverage under the Grange motor vehicle insurance policy. The court concluded, in viewing the facts in a light most favorable to appellant, that a question of fact existed on the issue of whether appellant intended to defraud his insurer.
 {¶ 17} After a trial on the coverage issue only, the jury returned a verdict finding that "the statements or conduct of Derek Reece in the presentation of his insurance claim" constituted "fraud on his insurance company." Appellant filed a motion for a judgment notwithstanding the verdict, which was denied by the trial court. Appellant appealed, but we dismissed that appeal because appellant failed to timely file his assignments of error and brief.
 {¶ 18} Appellant then filed, pursuant to Civ.R. 59, a motion for a new trial in the trial court. In his September 16, 2003 judgment entry, the trial judge denied the motion for a new trial. The lower court also noted that judgment upon the jury verdict in favor of Grange was never entered in this cause. Accordingly, the common pleas court, by separate entry, entered a judgment in favor of Grange. Appellant appeals that judgment and asserts the following assignments of error:
 {¶ 19} "The trial court committed reversible error in ruling that Appellant could present not [sic] evidence regarding the manner in which Appellee handled Appellant's claim."
 {¶ 20} "The trial court committed reversible error in granting summary judgment on the issue of bad faith inasmuch as the ruling limited the amount of discovery that Appellant was allowed to obtain from Appellee for the underlining [sic] claim."
 {¶ 21} "The trial court committed reversible error in ruling that Appellant's case can be distinguished from Zoppo v.Homestead Ins. Co. (1994), 71 Ohio St.3d 552, 644 N.E.2d 397."
 {¶ 22} It is difficult to discern what appellant is arguing in his first assignment of error. Nonetheless, it appears from his statement of the issues for review, that he contends that the trial court erred in ruling that appellant was prohibited at trial from offering evidence of Grange's actions and representations to appellant on appellant's claim seeking coverage under his Grange motor vehicle insurance policy.
 {¶ 23} When a transcript of a proceeding is necessary for disposition of any question on appeal, the appellant bears the burden of taking steps required to have the transcript prepared for inclusion in the record. See App.R. 9(B); State ex rel.Montgomery v. R D Chem. Co. (1995), 72 Ohio St.3d 202, 203. In the instant case, appellant failed to file the transcript of the trial held on the issue of coverage or to submit a statement of evidence pursuant to App.R. 9(C). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. See, also, Boston v. Sealmaster Indus., 6th Dist. No. E-03-040, 2004-Ohio-4278, at ¶ 15. Accordingly, we must presume the validity of any decision made by the trial court to exclude evidence offered by appellant, and his first assignment of error is, therefore, found not well-taken.
 {¶ 24} In his second assignment of error, appellant contends that the trial court erred in granting summary judgment to Grange because it limited the amount of discovery that appellant was able to obtain concerning the underlying claim. However, the arguments in support of this assignment of error range from the trial court erred in granting the motion for summary judgment because there were questions of fact on the issue of whether Grange had reasonable justification for refusing to pay appellant's claim to the trial court impermissibly weighed, on a motion for summary judgment, the evidence and the credibility of the witnesses. In the last paragraph under this assignment of error appellant also states that he requested an actual cash value on his vehicle and that before appellee presented appellant with the actual cash value, it denied his claim based on fraud without considering the materiality of the statement (presumably the $4,200 plus figure that appellant claimed he paid for his tires and rims) made by appellant. Due to the fact that none of these assertions has relevance to the stated assignment of error, we shall ignore appellant's arguments and address only the issue raised in that assignment.
 {¶ 25} When reviewing a trial court's decision in a discovery matter, the standard of review is whether the trial court abused its discretion. Mauzy v. Kelly Services, Inc. (1996),75 Ohio St.3d 578, 592. A court abuses its discretion when its attitude in reaching its decision is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St. 3d 217, 219.
 {¶ 26} Here, appellant filed his complaint on November 8, 2000. He submitted interrogatories that were answered by Grange. Appellant deposed four Grange employees and filed their depositions. He was granted at least one continuance for the purpose of further discovery. Grange filed its motion for summary judgment on April 30, 2002, over 18 months after the inception of this case. Appellant filed a memorandum in opposition, and Grange filed a reply. At no time prior to the date, June 24, 2002, that the trial court entered its judgment on Grange's motion did appellant file a motion for a continuance, under Civ.R. 56(F),[1] to conduct further discovery. In short, there is no indication in the record of this cause that the trial court in any way limited appellant's right to discovery. As a result, we find no abuse of discretion on the part of the common pleas court, and appellant's second assignment of error is found not well-taken.
 {¶ 27} Appellant, in his third assignment of error, maintains that the trial court erred in "distinguishing" this case fromZoppo v. Homestead Ins. Co. (1994), 71 Ohio St. 3d 552. We disagree.
 {¶ 28} In reviewing a motion for summary judgment, an appellate court is required to engage in a de novo review.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Thus, summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 29} In Zoppo, at paragraph one of the syllabus, the Ohio Supreme Court set out the following test for determining whether an insurer breaches its duty to process claims in good faith:
 {¶ 30} "An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor. (Hart v. Republic Mut. Ins.Co. [1949], 152 Ohio St. 185, 39 Ohio Op. 465, 87 N.E.2d 347, and Staff Builders, Inc. v. Armstrong [1988],37 Ohio St.3d 298, 525 N.E.2d 783, approved and followed; Slater v. MotoristsMut. Ins. Co. [1962], 174 Ohio St. 148, 21 Ohio Op. 2d 420,187 N.E.2d 45, paragraph two of the syllabus, overruled; MotoristsMut. Ins. Co. v. Said [1992], 63 Ohio St.3d 690,590 N.E.2d 1228, overruled to the extent inconsistent herewith.)"
 {¶ 31} An insurer's lack of good faith in the processing of a claim is frequently referred to as "bad faith." Such conduct gives rise to a cause of action in tort against the insurer.Hoskins v. Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, paragraph one of the syllabus. An insurer lacks reasonable justification for denying a claim when its refusal to pay is predicated on an arbitrary or capricious belief that the insured is not entitled to coverage. Id. at 277. Summary judgment, however, is appropriately granted to the defendant on a claim of bad faith where the record is devoid of any evidence tending to show a lack of good faith on the part of the defendant. Labatev. Natl. City Corp. (1996), 113 Ohio App.3d 182, 190.
 {¶ 32} In the case under consideration, it is undisputed that appellant misrepresented, both orally and in writing, the cost and the condition of the tires and rims on his motor vehicle at the time it was stolen. Appellant apparently believes, nevertheless, that this misrepresentation was not material because it would not affect the actual cash value of his motor vehicle. We find, however, that the misrepresentation was material.
 {¶ 33} Part D of the Grange policy issued to appellant reads, in pertinent part:
 {¶ 34} "(A) Our limit of liability for loss will be the lesser of the:
 {¶ 35} "(1) Actual cash value of the stolen or damaged property; or
 {¶ 36} "(2) Amount necessary to repair or replace the property.
 {¶ 37} "* * *
 {¶ 38} "(B) An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of the loss."
 {¶ 39} Appellant purchased the used tires and rims only five days before his car was stolen. Therefore, representing that the tires and rims were new and cost over $1,500 more than real purchase price was material to the determination of the actual cash value.
 {¶ 40} In sum, our independent review of the record of the case sub judice reveals that it is devoid of any suggestion of a lack of good faith on the part of Grange in processing appellant's claim and that, under the circumstances of this cause, Grange justifiably relied on appellant's misrepresentation to deny his claim. Accordingly, the trial court simply followed and applied the law set forth in Zoppo and did not err in granting summary judgment to Grange on appellant's claim of "bad faith." Appellant's third assignment of error is found not well-taken.
 {¶ 41} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal. See App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Lanzinger, J., Concur.
[1] Civ.R. 56(F) provides that:
"Should it appear from the affidavits of a party opposing the motion for summary judgment that he cannot for sufficient reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."